OSCN Found Document:Question Submitted by: The Honorable Mike Ritze, State Representative, District 80

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 Question Submitted by: The Honorable Mike Ritze, State Representative, District 80
2015 OK AG 3
Decided: 06/11/2015
Oklahoma Attorney General Opinions
Cite as: 2015 OK AG 3, __ __

 

¶0 This office has received your request for an official Attorney General 
Opinion in which you ask, in effect, the following questions:
1. If a 
legislator or other public official submits a written request for the issuance 
of a formal written Attorney General Opinion pursuant to 74 O.S.2011, § 
18b(A)(5), is that written opinion request 
for the issuance of a formal written Attorney General Opinion a record which is 
subject to disclosure under the Oklahoma Open Records Act, 51 O.S.2011 
& Supp.2014, §§ 24A.1 - 24A.30?
2. 
Would it make any difference in your response to question number 1 if an Open 
Records Act request for the written request for a formal Attorney General 
Opinion was an Open Records request specific to the official (i.e., an Open 
Records request for all written Attorney General Opinion requests submitted by a 
specific named official), compared to an Open Records request for all written 
request for the issuance of a formal written Attorney General Opinion by topic 
(i.e., a request for all opinion requests submitted to your office on the 
subject of the Unclaimed Property Act, for example)?
3. Aside from the 
provisions of the Oklahoma Open Records Act, has it been the past practice of 
the Office of the Attorney General to regard opinion requests as 
confidential?[1]
4. If the 
past practice of the Attorney General's office has been to regard the opinion 
request document as confidential, has there been a change in the practice 
recently? If so, what is the reason for the change in the past practice?
5. 
Regardless of whether your office treats the opinion request documents as a 
"record" for purposes of the Oklahoma Open Records Act, is there any legal basis 
upon which a legislator's or other public official's written request for the 
issuance of a formal written Attorney General Opinion would be a confidential or 
privileged communication?
I.
Written Requests for the Issuance of a Formal Written 
Attorney General Opinion Made by a Legislator or Other Public Official Are 
"Records" as Defined in the Oklahoma Open Records Act, 51 O.S. Sections 24A.1 
Through Section 24A.30.
¶1 The Oklahoma Open Records Act ("Open Records Act") 
at Section 24A.3(1), in pertinent part, defines the term "Record" as 
follows:


"Record" means all 
documents, including, but 
not limited to, any book, paper, photograph, microfilm, data files created by or 
used with computer software, computer tape, disk, record, sound recording, film 
recording, video record or other material regardless of physical form or 
characteristic, created by, received by, under the authority of, or coming into the 
custody, control or 
possession of public officials, public bodies, or their representatives in connection with the 
transaction of public business, 
the expenditure of public funds or the administering of public 
property.
51 O.S.Supp.2014, § 
24A.3(1) (emphasis added).
¶2 Under this definition, a written request for the issuance of a formal 
written Attorney General Opinion ("written request for a formal Opinion" or 
"request for an Attorney General Opinion") made by a legislator or other public 
official pursuant to 74 O.S.2011, § 18b, is a "record" within the 
Oklahoma Open Record Act's definition of that term because:


A written request for a formal Attorney General Opinion is a 
document; 
A written request for a formal Attorney General Opinion is received by 
and comes into the custody of the Attorney General or his 
representatives; 
A written request for a formal Attorney General Opinion is received by 
a public official, and 
A written request for a formal Attorney General Opinion is received in 
connection with the transaction of public business. 
¶3 All of your inquiries deal with written requests for a formal Opinion. 
Under the Statement of Policy of the Attorney General Regarding Furnishing 
Formal Opinions [hereinafter Policy]--printed in the front of each 
volume of annually published formal written Attorney General Opinions--all 
requests for a formal Attorney General Opinion must "be written" and, among 
other things, "contain a complete statement of the issues together with a 
concise question of law, and a clear, concise statement of the question based 
upon the information in the request." Opinions of the Attorney General of Okla., 
V. 44, at viii, ¶ 4 (2014).
¶4 That a request for a formal Attorney General Opinion is a 
document is clear, as such requests, under the Attorney General's 
Policy, must be in writing and requests universally come in the 
form of a signed, written letter. Requests for formal Opinions are 
received by and come into the custody of the 
Attorney General or his representatives, as requests are addressed to 
the Attorney General and when received in the mail or otherwise, are documents 
within his custody, control or possession or the custody, control, or possession 
of his representatives.
¶5 Requests for a formal Opinion are received by a public 
official, as the Attorney General falls within the Open Records Act's 
definition of the term "public official." Under the Open Records Act, the term 
"public official" is defined, at 51 O.S.Supp.2014, § 24A.3(4), as follows: "'Public 
official' means any official or employee of any public 
body as defined herein [defined in the Open Records Act]." Id. 
(emphasis added).
¶6 The Attorney General is an official of a public body because 
the term "public body" includes executive offices, and the 
Attorney General's office is an executive office. The Open Records Act defines 
"public body" as follows:


"Public body" shall include, but not be limited to, any office, department, 
board, bureau, commission, agency, trusteeship, authority, council, committee, 
trust or any entity created by a trust, county, city, village, town, township, 
district, school district, fair board, court, executive office, 
advisory group, task force, study group, or any subdivision thereof, supported 
in whole or in part by public funds or entrusted with the expenditure of public 
funds or administering or operating public property, and all committees, or 
subcommittees thereof. Except for the records required by Section 24A.4 of this 
title, "public body" does not mean judges, justices, the Council on Judicial 
Complaints, the Legislature, or legislators[.]
51 O.S.Supp.2014, § 
24A.3(2) (emphasis added).
¶7 Article VI, Section 1 of the Oklahoma Constitution establishes the 
Attorney General as an executive official who must keep his executive office at 
the seat of government, Article VI, Section 1 providing, in pertinent part, as 
follows:


The Executive authority of the state shall be 
vested in a Governor, . . . Attorney General, . . . each 
of whom shall keep his office and public records, books and papers 
at the seat of government . . . .
Id. (emphasis added).
¶8 Being an executive official of an executive office--an office constituting 
a public body--the Attorney General is a "public official" under the Open 
Records Act. Thus, a document received by the Attorney General in connection 
with the transaction of public business is a record under the Oklahoma Open 
Records Act. 
¶9 Furthermore, a written request for a formal Opinion is received "in 
connection with the transaction of public business." 51 O.S.Supp.2014, 
24A.3(1). Section 18b(A)(5) of Title 74 imposes a duty upon the Attorney 
General, "[t]o give an opinion in writing upon all questions of law submitted to 
the Attorney General by the Legislature or either branch thereof, or by any 
state officer, board, commission or department," and subsection (17) of Section 
18b(A), imposes a duty upon the Attorney General to "respond to any requests for 
an opinion of the Attorney General's office, submitted by a member of the 
Legislature, regardless of subject matter, by written opinion determinative of 
the law regarding such subject matter[.]" A written Opinion request is, thus, 
received "in connection with the transaction of public business"--the receipt of 
the written request being the first step in the process leading to the drafting 
and issuance of a formal written Attorney General Opinion. Consequently, a 
written request for a formal Opinion falls within the Open Records Act's 
definition of "record"--a record which, under the provisions of Section 24A.5 of 
Title 51, must "be open to any person for inspection, copying, or mechanical 
reproduction during regular business hours[.]"
¶10 In sum, in answer to your first question, we conclude that a written 
request for a formal Opinion received by the Attorney General or his 
representatives is a "record" under the Oklahoma Open Records Act, 
51 O.S.2011 & Supp.2014, §§ 
24A.1 through 24A.30, which must be made available for inspection and copying 
or mechanical reproduction under the requirements of that Act. 
II.
A Document That is a Record Under the Oklahoma Open Records Act is a Document 
Which Must be Made Available for Inspection, Copying or Mechanical Reproduction, 
Regardless of Whether an Open Records Act Request to Inspect the Document is to 
Inspect a Specific Single Document, or is a Request to Inspect a Group of 
Documents Dealing With the Same Subject or Written by the Same Official.
¶11 In your second question you ask whether our conclusion on whether a 
written request for a formal Opinion is a "record" under the Oklahoma Open 
Records Act would change based on how an Open Records request to inspect a 
"written request for a formal opinion" is made--i.e. a request for a specific 
document versus a request for a group of letters based on their subject or the 
name of the official who asked for the issuance of a formal Opinion.
¶12 As discussed above, whether a document falls within the Oklahoma Records 
Act's definition of "record" depends on the document meeting various criteria. 
None of those criteria relate to how an Open Records request is made. Thus, 
there is no legal basis on which to conclude that a document ceases being a 
record under the Open Records Act based on how an Open Records request is made. 
Accordingly, a request for a formal Attorney General Opinion is a "record" under 
the Open Records Act, regardless of whether an Open Records request to inspect 
it is made based on the requestor's name or its subject.
III.
There is no Legal Basis Upon Which a Written Request for a 
Formal Attorney General Opinion Would be a Confidential or Privileged 
Communication, as:
1) the Oklahoma Open Records Act's Broad Definition of "Record" 
Encompasses a Written Request for a Formal Attorney General Opinion, 
2) the Law Requires That Formal Written Attorney General 
Opinions Be Annually Published, and 
3) the Published Formal Written Attorney General Opinions 
Contain Both the name of the Requestor and the Questions Asked.
¶13 In your final question you ask, in effect, if there is any legal 
basis upon which an official's written request for a formal Opinion would be a 
confidential or privilege communication. As noted above: 1) the Oklahoma Open 
Records Act has a broad definition of "record"--a definition that encompasses a 
request for a formal written Opinion, 2) under Section 18b of Title 74, the 
Attorney General has a duty to respond to such requests, and 3) the written 
request for a formal Opinion is the first step in the process of the Attorney 
General's drafting and issuance of a formal written Attorney General Opinion in 
response to the written request.
¶14 The final step in the opinion process is the annual 
publication of formal written Opinions, which is required by 
Section 20(A) of Title 74, which, in pertinent part provides that, "[t]he 
Attorney General shall annually publish all of the written 
opinions which he promulgates in connection with the interpretation of 
the laws of the State of Oklahoma."
¶15 Given: 1) the law's requirement that formal written Attorney General 
Opinions be annually published; 2) the Oklahoma Open Records Act's broad 
definition of the term "record"--which encompasses written opinion requests, and 
3) the fact that for more than forty years the published formal written Attorney 
General Opinions have included both the name of the official requesting an 
opinion and the question(s) asked, we conclude that there is no legal basis upon 
which a written request for a formal Attorney General Opinion would be a 
confidential or privileged communication.
¶16 Of course, it is possible that a written request for a formal Opinion 
could contain specific information--like information about an ongoing 
investigation--that is otherwise made confidential. In such a case, the 
confidential information, under 51 O.S.2011, § 24A.5(2), could be redacted 
before making the remaining portions of the written request available for 
inspection, copying or mechanical reproduction.


¶17 It is, therefore, the official Opinion of the Attorney General that:
1. A written request for the issuance of a formal written Attorney General 
Opinion made by a member of the Legislature or another public official is a 
"record" under the Oklahoma Open Records Act, 51 O.S.2011 and Supp.2014, §§ 
24A.1 through 24A.30, which must be made available for public inspection, 
copying or mechanical reproduction.
2. A written request for the issuance of a formal written Attorney General 
Opinion is a record under the Oklahoma Open Records Act, 51 O.S.2001 and Supp.2014, §§ 
24A.1 through 24A.30, regardless of whether an Open Records request to inspect 
it is a request to inspect a specific document or is an Open Records request to 
inspect a group of documents based on their subject or the name of the official 
requesting the issuance of a formal written Attorney General Opinion.
3. Given: 1) the Oklahoma Open Record Act's broad definition of "record" at 
51 O.S.Supp.2014, § 
24A.3(1)--a definition which encompasses a written request for a formal 
written Attorney General Opinion; 2) the law's requirement, at 
74 O.S.Supp.2014, § 
20(A), that the Attorney General annually publish all written opinions, and 
3) the fact that for over forty years the published formal written Attorney 
General Opinions have included both the name of the official requesting an 
opinion and the question(s) asked, there is no legal basis upon which a written 
request for the issuance of a formal written Attorney General Opinion would be a 
confidential or privileged communication.[2]
E. SCOTT PRUITT
Oklahoma Attorney General
NEAL LEADER
Senior Assistant Attorney General 
FOOTNOTES
[1] Your third and fourth 
questions do not pose questions of law. Rather, they are inquiries about 
historical practices of the office, which are not the proper subject of an 
Attorney General Opinion. We note, however, that the undersigned Senior 
Assistant Attorney General has served under six Attorneys General, and that 
during his thirty-four year tenure with the office, no one, to his knowledge, 
has ever considered a written request for a formal Attorney General Opinion to 
be confidential or privileged. 
[2] Of course, it is possible that a written request for a 
formal written Attorney General Opinion could contain specific information--like 
information about an ongoing investigation--that is otherwise made confidential. 
In such a case, the confidential information, under 51 O.S.2011, § 24A.5, could be redacted before 
making the remaining portions of the written request available for inspection, 
copying or mechanical reproduction.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Title 51. Officers
 Cite
Name
Level

 51 O.S. 24A.3, Definitions
Discussed at Length
 51 O.S. 24A.1, Short Title
Discussed at Length
 51 O.S. 24A.5, Open and Confidential Records
Discussed
Title 74. State Government
 Cite
Name
Level

 74 O.S. 18b, Duties of Attorney General - Counsel of Corporation Commission as Representative on Appeal From Commission
Discussed
 74 O.S. 20, Opinions of Attorney General - Publication and Distribution - Surplus Publication - Attorney General's Revolving Fund
Cited